IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-00567-CNS

S.P.S.,

Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant.

---

# ORDER

---

Plaintiff S.P.S. seeks a period of disability and disability insurance benefits from January 1, 2022, to present for several ongoing physical and mental impairments under Title II of the Social Security Act. ECF No. 7-6 at 198.[1] The Social Security Administration (SSA) denied Plaintiff's claim at both the initial and reconsideration stages, and an Administrative Law Judge (ALJ) then found Plaintiff was not disabled. The Appeals Council denied review of the ALJ's decision, making the ALJ's denial of benefits the SSA Commissioner's final decision. Plaintiff appealed that decision to this Court, which has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). For the following reasons, the Court REVERSES the Commissioner's final decision and REMANDS the case for further analysis consistent with this order.

[1] This review considered Documents 7-1 through 7-13, 8, 9, and 10 submitted on ECF. The citations refer to document number and page number, as highlighted in blue font in the header of each page.

## I. BACKGROUND

Plaintiff filed an application for Title II disability benefits on March 16, 2023, alleging disability onset of January 1, 2022, due to osteomyelitis of lower extremities below the knee, diffuse arthritis throughout the joints, neuropathy in the bilateral lower and upper extremities, rotator cuff repair failures in both shoulders, memory and cognitive loss, and chronic migraines. ECF No. 7-5 at 5; ECF No. 8 (Plaintiff's Opening Brief at 1). The SSA denied Plaintiff's initial claim on October 10, 2023, and then denied his reconsideration request on March 21, 2024. ECF No. 7-4 at 3, 16. After a hearing on November 4, 2024, which continued on June 9, 2025, an ALJ issued an unfavorable decision to Plaintiff on October 27, 2025. ECF No. 7-4 at 73, 79; ECF No. 7-2 at 15. The ALJ found, at each step of the sequential five-step analysis required by the SSA to assess disability claims, that

(1) Plaintiff had engaged in substantial gainful activity (SGA) from January 1, 2022, to January 31, 2022, but had not engaged in SGA from February 1, 2022, through October 27, 2025. ECF No. 7-2 at 21-22.

(2) Plaintiff had severe physical and mental impairments, including degenerative disc disease of the cervical spine, degenerative joint disease in the bilateral shoulders, osteoarthritis in the bilateral knees, neuropathy in the bilateral feet, below the knee amputation of the right leg, a depressive disorder, and an anxiety disorder. ECF No. 7-2 at 22.

(3) Plaintiff's impairments, alone or in combination, did not meet or medically equal any listed impairment. ECF No. 7-2 at 23-26.

(4) Prior to August 17, 2024, considering age, education, work experience, transferable skills, and assessed residual functional capacity (RFC), Plaintiff could perform a range of light work, characterized as "work of limited complexity and attention to detail that could be learned and mastered in up to 4 years' time or less." ECF No. 7-2 at 26. This included past relevant work as a business trainer. ECF No. 7-2 at 39.

(5) Beginning August 17, 2024, weighing the factors above in addition to the worsening condition of the right foot and Plaintiff's reduced ability to stand and/or walk in an eight-hour workday, Plaintiff's RFC changed, and he could no longer perform past relevant work as a business trainer. ECF No. 7-2 at 33, 39. However, Plaintiff could still perform a reduced range of light work "of limited complexity and attention to detail that could be learned and mastered in up to 4 years' time or less." ECF No. 7-2 at 26-27. Representative occupations identified by a vocational expert (VE) included insurance sales representative or special agent group insurance, jobs which exist in significant number in the national economy. ECF No. 7-2 at 33, 40.

From this, the ALJ determined Plaintiff was not disabled under the Social Security Act. ECF No. 7-2 at 39-41. The Appeals Council denied Plaintiff's requested review of the ALJ's decision on December 19, 2025, at which point the ALJ's denial of benefits became the Commissioner's final decision. ECF No. 7-2 at 2. Plaintiff sought timely review from this Court on a single issue: is the ALJ's RFC limitation for work "of limited complexity"

consistent with, and sufficiently explained by, the ALJ's findings at step four and step five that Plaintiff can return to skilled work? ECF No. 8 (Plaintiff's Opening Brief at 3).

## II. LEGAL STANDARD AND STANDARD OF REVIEW

A claimant is disabled and eligible for a period of disability under the Social Security Act if he cannot perform any SGA due to a medically determinable physical and/or mental impairment that is expected to last continuously for at least 12 months, or to result in death. *See* 42 U.S.C. §§ 416(i), 423(d), and 1382c(a) (2026).

Courts use a five-step, sequential analysis to assess an application for disability benefits, and the claimant bears the burden of proof for establishing his disability in the first four steps. *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005) (citing *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988)). First, the claimant must prove that no SGA occurred since the alleged onset of the disability. *See* 20 C.F.R. § 404.1520(b) (2026). Second, he must prove the existence of severe impairments. *See* 20 C.F.R. § 404.1520(c) (2026). Third, he must prove his impairments meet or equal the severity of a listed impairment. *See* 20 C.F.R. § Part 404, Subpart P, Appendix 1 (2026); 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526 (2026). Fourth, he must prove he is incapable of meeting the physical and mental demands of his past relevant work. *See* 20 C.F.R. § 404.1520(f) (2026). If the claimant successively proves each of the four preceding steps, the Commissioner then, at step five, bears the burden to show, in light of the claimant's age, education, past relevant work experience, and RFC, that the claimant is capable of performing other work and that suitable work exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(g), 404.1512, and 404.1560(c) (2026).

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's final decision to evaluate whether substantial evidence supports the factual findings and whether proper legal standards were applied. *Pisciotta v. Astrue*, 500 F.3d 1074, 1075 (10th Cir. 2007). This Court may review the entire record, "including anything that might undercut or detract from the ALJ's findings in order to determine if the substantiality test has a been met," but this Court cannot "reweigh the evidence or retry the case." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). "Substantial evidence" means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 87, 102 (2019). However, the threshold for judicial review of SSA decisions "is not high" and deference is granted to the presiding ALJ. *Id.* at 103. Independent of the substantial evidence standard, failure to apply proper legal standards, or otherwise provide "a sufficient basis" to assess whether appropriate legal standards were followed, is nonetheless grounds for reversal. *Guice v. Comm'r*, 785 Fed.Appx 565, 568 (10th Cir. 2019) (citing *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005)).

**III. ANALYSIS**

Plaintiff argues that the ALJ's RFC limitation for "work of limited complexity and attention to detail that could be learned and mastered in up to 4 years' time or less" is inconsistent with the ALJ's findings at step four and step five that Plaintiff can perform skilled work as a business trainer, an insurance sales representative, or a special agent group insurance. ECF No. 7-2 at 26-27; 20 C.F.R. § 404.1568 (2026). The Selected Characteristics of Occupations (SOC) Defined in the Revised Dictionary of Occupational

Titles (DOT) outlines a 1 to 9 level scale for assessing Specific Vocational Preparation (SVP), which is the amount of lapsed learning time required for “average performance” of a specific job. U.S. Dep’t of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* at B-1 (1993). Work as a business trainer is SVP 7, “light work performed at medium.” ECF No. 7-2 at 39. Work as an insurance sales representative is SVP 6, “light,” and special agent group insurance is SVP 7, “sedentary.” ECF No. 7-2 at 40. Plaintiff contends that these jobs are categorically not work “of limited complexity,” according to the SSA’s own regulatory and policy definitions, which characterize SVPs of 6 and 7 as “skilled” work. *See* 20 C.F.R §§ 404.1568, 416.968; SSR 24-3p, 89 Fed. Reg. 235 (Jan. 6, 2025).

Defendant argues that the ALJ’s use and application of the term “of limited complexity” as applicable to jobs with SVPs of 6 and 7, defined by the DOT as work that can take up to two years or up to four years to learn, is not erroneous. ECF No. 9 (Defendant’s Response Brief at 1). Defendant contends that the ALJ is not limited to regulatory definitions for semiskilled and skilled work “when finding what types of work a claimant can perform.” ECF No. 9 (Defendant’s Response Brief at 1-2). Therefore, Defendant claims that the ALJ’s assessment that Plaintiff can perform “skilled” work with SVPs of 6 and 7 does not inherently conflict with the ALJ’s restriction for work “of limited complexity.” ECF No. 9 (Defendant’s Response Brief at 1-2).

This Court agrees with Plaintiff that the ALJ provided insufficient reasoning for introducing “of limited complexity” as if it were a term of art governing her review, and for solely defining the term as work that “could be learned or mastered in up to 4 years’ time

or less." ECF No. 7-2 at 113-14. Defendant's contention that the ALJ is not bound by the SSA's regulatory definitions and that her definition alone is sufficient is not adequately supported.

While the SSA has rescinded the requirement for adjudicators to identify and resolve conflicts between information provided by a VE and information in the DOT, and has also acknowledged that the DOT "is not the only source of reliable occupational information," the SSA explicitly did so to avoid unnecessary remands and to avoid inadvertently "discourag[ing] use of occupational information that is reliable and commonly used in the vocational profession." *See* SSR 24-3p, 89 Fed. Reg. 235 (Jan. 6, 2025). Per SSR 24-3p, the SSA's guidance and rules, including regulatory terms and definitions, remain "controlling for [its] adjudicators" in disability determinations and decisions. *Id.* SSR 24-3p explicitly states that the SSA's skill level regulatory definitions for unskilled, semi-skilled, and skilled work correspond to the DOT listing for SVP levels for each occupation described. *Id.*; *see also* 20 C.F.R §§ 404.1568, 416.968. SVP levels 1 and 2 classify unskilled work, which is learned after a short demonstration or in up to 30 days of instruction. ECF No. 7-2 at 34. SVP levels 3 and 4 represent semi-skilled work, respectively requiring one to three months or three to six months to learn. ECF No. 7-2 at 34. SVP levels 5-9 comprise "skilled work," which can be learned between over six months (SVP 5) and over ten years (SVP 9). ECF No. 7-2 at 34.

Under this categorization, a job "that could be learned and mastered in up to 4 years' time or less" would qualify as skilled work, which requires "more complex work duties," as opposed to semi-skilled work, which does not. *See* 20 CFR 404.1568(b)-(c).

Skilled work includes a higher capacity for work- and personnel-related judgments and decision-making and “may require dealing with people, facts, or figures or abstract ideas at a high level of complexity.” *See* 20 C.F.R. § 404.1568(c). Put differently, business trainer, insurance sales representative, and special agent group insurance are skilled jobs that require complex work duties, such as leadership skills and regular interaction with people.

During the first part of the hearing on November 4, 2024, the VE focused his vocational testimony on Plaintiff’s past work as a business trainer, SVP 7, work performed at the “light level of exertion.” ECF No. 7-2 at 113. The ALJ posed several hypotheticals to the VE to better “understand the effects certain limitations may have on a person’s ability to work.” ECF No. 7-2 at 89, 113. The hypotheticals were premised on the VE assuming a hypothetical claimant was an individual of Plaintiff’s age, education, and work experience. ECF No. 7-2 at 113. Prior to offering his opinion, the VE affirmed that he was familiar with the SSA’s definitions “regarding physical exertional requirements and skill requirements.” ECF No. 7-2 at 111.

The ALJ first asked the VE whether such an individual could perform Plaintiff’s past work as a business trainer, assuming the individual had the RFC to perform work at the light level of exertion, including “lift[ing] and/or carry[ing] 20 pounds occasionally and 10 pounds frequently,” frequently “reach[ing] overhead bilaterally,” and occasionally “balanc[ing], stoop[ing], kneel[ing], crouch[ing], and climb[ing] ramps and stairs,” but not “crawl[ing] or climb[ing] ladders, ropes, or scaffolds” or “work[ing] at unprotected heights.”

ECF No. 7-2 at 113-14. The VE confirmed such an individual could perform Plaintiff's past work as a business trainer. ECF No. 7-2 at 113-14.

The ALJ then asked the VE to consider whether work "of limited complexity" that could "be learned and mastered in up to 4 years' time or less" would also preserve the individual's ability to perform work as a business trainer. ECF No. 7-2 at 113-14. Without providing further context or explanation, the ALJ stated, "at such levels, the individual can maintain concentration, persistence, or pace throughout a normal workday or workweek; make routine, work-related decisions, plan, and set goals; adapt to routine, workplace changes; travel and recognize and avoid ordinary workplace hazards." ECF No. 7-2 at 114. The VE affirmed that work would remain, saying "four years allows for a [SVP of] 7, and that's even on the cusp of an SVP of 8," so the hypothetical individual could perform work as a business trainer (SVP 7). ECF No. 7-2 at 113-14.

The VE subsequently affirmed that the hypothetical individual could perform work as a business trainer with the addition of the ability to "frequently finger and feel bilaterally." ECF No. 7-2 at 115. However, the VE determined that the transferability of skills from Plaintiff's past work as a business trainer ceased in this hypothetical scenario when "standing and/or walking is reduced to four hours total in an eight-hour workday." *Id.*

Plaintiff argues that the VE's acceptance of the ALJ's hypothetical that "work of limited complexity and attention to detail that could be learned and mastered in up to 4 years' time or less" includes skilled jobs is inconsistent with the DOT's SVP definitional groupings and constitutes fundamental and harmful error. ECF No. 8 (Plaintiff's Opening

Brief at 14). Defendant argues that the ALJ is not bound by regulatory definitions for semiskilled and skilled work and that the ALJ's definition for work "of limited complexity" is consistent with work categorized as SVP 6 and 7 because both have the same timeframe for learning or mastery in four years or less. ECF No. 9 (Defendant's Response Brief at 1-2, 4-5).

This Court agrees with Plaintiff. Because the ALJ defined work "of limited complexity" with no explanation of how or why she defined the term to mean capable of being learned or mastered in four years or less, and then used such definition in her crafting of hypotheticals to the VE, there is not "a sufficient basis" to assess whether appropriate legal standards were followed, and this Court cannot "trace the path of an 'adjudicator's reasoning.'" *Guice*, 785 F. App'x at 568; *Nielsen v. Comm'r*, 2022 WL 15570650, at 5 (10th Cir. 2022) (unpublished) (citing Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5858 (Jan. 18, 2017)). Furthermore, Defendant fails to articulate sufficient reasoning to the contrary, relying primarily on the argument that because the SSA's regulatory definitions for unskilled, semiskilled, and skilled were not used by the ALJ, and she was not bound by them, the sheer fact that she defined "of limited complexity" to mean being learned or mastered in four years or less granted the term stand-alone authority. ECF No. 9 (Defendant's Response Brief at 5-6). This argument is unavailing. See *Guice*, 785 F. App'x at 568 (quoting *Jensen*, 436 F.3d at 1165) (finding that the ALJ's "'failure to apply the correct legal standard *or to provide this court with a sufficient basis to determine that appropriate legal principles have been*

*followed* is grounds for reversal' independent of the substantial evidence standard") (emphasis added).

Finding that the ALJ did not provide "a sufficient basis" to assess whether appropriate legal standards were followed,[2] this Court agrees with Plaintiff that reversal and remand for additional administrative proceedings is the appropriate remedy. ECF No. 8 (Plaintiff's Opening Brief at 15). On remand, the ALJ shall explain why she introduced the term "of limited complexity," what led her to define it how she did, and how she determined that business trainer, insurance sales representative, and special agent group insurance, which are all skilled SVP levels 6 and 7, qualify as work "of limited complexity."

**IV. CONCLUSION**

For the foregoing reasons, the Court REVERSES the Commissioner's denial of benefits REMANDS for further analysis.

DATED this 10th day of November 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge

[2] This Court did not analyze substantial evidence in its review of the record because Plaintiff did not challenge the ALJ's decision on those grounds.